The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Let's be seated and proceed with the last case directly with the appellate side. May it please the Court. I'm Glenn Fogle. I represent the petitioners in this case. Ms. Lazo-Gavidia and her son seated to my right is David Lunell. He helped me on the brief. He's a senior attorney with our firm. This case presents an issue of first, I guess, impression with this court. Does Ms. Chavez apply in the situation of a motion to and I know the government's argued and presented cases where it says that it doesn't because it only Ms. Chavez only applies in a stop time situation. But that's not really the case. When you look at Ms. Chavez and you read it carefully, it's way more than that. What does Ms. Chavez say? One of the main points that Ms. Chavez says is that an NTA were noticed to appear is like an indictment in a criminal proceeding. So it's a charging document. I've practiced immigration law for over 30 years and an NTA is the equivalent of an indictment in an immigration or to be complete, but it has to include everything. It has to include the time and place of the hearing. If it doesn't include the time and place of the hearing, it's not an NTA. It's incomplete. Just like an indictment or any other charging document was without an important element, say it left out the element of one of the criminal statutes or it left out another important part of the indictment, it wouldn't be complete. It would be dismissed. So can I ask you? Yes. So this, the in absentia provision we're looking at doesn't refer to an NTA. It says after written notice required under paragraph one or two. I understood your position. I'll tell you what I understood your position to be and you tell me if it's wrong. It seems like your position is if you don't have a valid NTA at some point in the past, you can never have a valid paragraph two notice. That's correct. That is our position. And I think that's what, and that's the same thing that Ms. Chavez said in the context of the, you know. Although Ms. Chavez says a paragraph two notice can't fix a paragraph one notice. It can't, you can't add the date and all of a sudden put the two together and have an adequate paragraph one. It doesn't say you have to have a paragraph one to ever have a paragraph two. It just says paragraph two can't fix and complete paragraph one notice if paragraph one notice is required. Well, I think that that's the whole point here. You have to, in order to give proper notice, it has to be predicated upon the service of an NTA. So, if a non-citizen has an improper NTA for any reason, maybe it was missing something else, they get a paragraph two notice and they do go to the hearing and are removed. They have no argument that they shouldn't be removed, that that should be thrown out because the NTA was invalid. Is that right? Because we have said. I think that's, you know, this court. We've said there's jurisdiction for the, for removal there. Right. But that, but again, that's a completely different situation because they've actually gone and availed themselves of the court. And by doing that, I mean. So, if they get the, if the same person had an invalid NTA, they get the paragraph two notice, same person, read it, understand where to go, what to do. And instead of choosing to go to the hearing, they choose not to go to the hearing. Then they can get the in absentia removal order thrown out because of the NTA was invalid. Correct, John. I mean, that's, that's exactly what you are. I mean, it's the same thing. Again, it's a different situation because they actually have gone to the court and have, have availed when they go to the court. I mean, they, they cure that. I mean, that's a different issue where they cure it and avail themselves of the court. If they actually go to court, have they waived any argument for improper notice? I believe so. I mean, that's, that's, that's where you get, I mean. It's an odd type of law we're dealing with here. We're dealing with a situation where the Supreme Court has made it clear. You can't put these two things together. The section two dealing with a whole different matter of change. And the question is, how do you change something that wasn't done correctly in the first instance? Is probably where your argument is going and it kind of conflates and goes back and forth. This is a case that it does present a very interesting issue to us. Particularly the issue of where she doesn't even give a change of address. That's, that's a very important issue here in this case. But I'm thinking in any instance, if you show up to court, how do you go in and say you don't have improper notice? It seemed to me you waived it. Right. If you show up to court, I mean, for instance, you could show up to court and say, and move to dismiss, move to dismiss it because it didn't have, you know, it didn't have the time and date or there was something deficient in the NTA. So you've waived notice. You've waived what if you show up? Well, I think what you've waived, you've waived the, I think the right. Well, when you show up, you have a right to challenge the NTA and you can challenge it if it's deficient. If it's deficient in the first place, you can't be charged with receiving notice. And when you look at the statute, that's. Shown up because you received notice of the relevant hearing. Right. Because you were able to show up. Right. And so you've waived any argument that I didn't know about today's hearing because, well, you're here and clearly you did know about today's hearing. That's what you've waived, right? Right. Then why does it matter that someone who chooses so someone who chooses to show up I think this helps us see that what matters is notice of the paragraph two notice, right? Of the hearing where they're actually determined to be removable, not a previous hearing that never happened because it was rescheduled. Well, I think one of the other things that I think is important when you look at this, is that the paragraph two notice, it only applies when there's a change in the hearing date. So when there was no hearing date, I mean, when there's no hearing date given in the first place, there's not a change. Well, that certainly, I mean, the court was using that to interpret paragraph one, right? To interpret what does it mean to have an NTA? We know there has to be something in there that's changed. But again, I don't know that that means when you get notice under paragraph two, that you don't know where to go or when to go, if you've received a document that tells you where and when to go. Well, okay, if you received it and you received it and you go, again, I think you've waived that because you actually did receive it. In the petition in this case, they didn't receive it. Because why? Why didn't they receive it? Because, well, it was sent to the wrong address. And why was it sent to the wrong address? Well, it was sent to the wrong address because they didn't notify because she didn't know. And as any court- She didn't understand to do that. Any court held that the failure to update the address, that you can still get the in absentia removal order, you can get that rescinded, even if you let you know that you didn't update your address. If you weren't provided with a proper notice. I mean, if you weren't provided with proper NTA in the first place. That's, I mean, I think that's the whole issue here. And that was the issue. You know, I think that's what Ms. Chavez clarified about Pereira. And my reading of Ms. Chavez and Pereira is that if the NTA needs to be proper, if it's not proper, it's not a good NTA. Now, again, you know, you can, you know, maybe waive it if you show up or something later on. I mean, where I think this court has held. I mean, if they've already- These were people that already availed themselves, already had a hearing, already had their, you know, had their day in court and were ordered removed and then came back years later and tried to say, oh, well, the NTA wasn't proper. You know, therefore, the whole thing needs to be thrown out. That's not the case here. I mean, there was a notice given. I mean, and that's the whole point is that you can't serve somebody with a, you know, with a document saying you've got to be in immigration court, not given the day. And then, you know, then order them removed. But the Fifth and the Eleventh Circuit have said, well, if you don't give them your address as required by statute, the statute says you can be removed even if you didn't get the notice because the obligation is on the noncitizen to update their address. And there's, you know, I'm going to tell you that I believe those cases are wrong. I think they're contrary to Ms. Chavez. You know, both of us have argued in the Eleventh Circuit many, many times, and I've won and I've lost. But they've been wrong before, and I think they're wrong here. I think their interpretation, and I don't see how you can read Ms. Chavez and not see that this applies to more than this. Clearly, Ms. Chavez says the notice to appear needs to be proper. It needs to be complete. In order to go to the second paragraph for noticing, it relies upon the notice to appear being complete in the first place. If it's not complete in the first place, it's not proper, and you're not properly served with it. And even though, you know, you receive it, it's not a proper NTA. And that's why, you know, that's why we believe, you know, that's why our interpretation of Ms. Chavez here. I can respond to the government. I mean, that's really, we're not talking about complex issues here. And I can, I think you get my point, but if, and I'll respond to whatever the government has to say. All right. You got your vote. Okay. We'll hear from the government. Good morning. May it please the court, Brendan Hogan for the government. In this case, with regards to Pereira and Ms. Chavez, there are two issues. The first of one, which is easily disposed of because this court has already discussed it in Citios and Cortez, and that's whether, in any circumstance, does an immigration court have the authority to issue a removal order, even when the NTA are noticed to appear amidst the date and time? And this court has already said, yes, they do. They can issue, they can initiate removal proceedings and issue a removal order in that circumstance. The more narrow issue in this case, which has already been addressed by the 11th Circuit in De Costa Gomez and the 5th Circuit in Gudiel is, does immigration court have the authority to order a petitioner removed in absentia when the NTA does not have the requisite date and time information? And this court should follow those authorities because of the reasoning in those cases, which is under the A2 notice that Your Honor mentioned earlier, no notice is required if the petitioner fails to provide or to satisfy their address obligation as required under 1229A1F. Before the immigration court and on direct appeal, the petitioner conceded she never changed her address. In his opening statement, counsel conceded she never changed her address. Therefore, because she never changed her address, no notice is required. Counsel has asked you about that. A lot has happened since the board's ruling in this case. And most importantly, it seems that matter of LAPARA was issued by the board, right? So that's the board's precedential decision interpreting these statutes and these requirements. And they say what you just said, that no notice is required if you don't update your address. In this case, before that decision came out here in this decision, the board didn't go that far. It didn't say anything contrary to that, but it said it seemed to suggest here that whatever notice that was given was sufficient, right? Notice was sent to the house to the last address and that was sufficient. I guess there's two questions here. Do we need to remand? Would any purpose be served by remanding for the board to consider LAPARA? And part two, is there any sort of deference that you're arguing for? I didn't see any deference argument. You're just saying it builds statutory language is clear. Well, two things, Your Honor. One, there's no reason to remand because for one, the board didn't reach Nischavez or Pereira in its decision because in the direct appeal, there was really no development of any argument regarding Nischavez or Pereira. Page 17 of the record in the direct appeal, prior counsel did state Nischavez changed the stop time rule, but he didn't go the next step of arguing that somehow that the immigration court lacked authority. So there's an exhaustion problem right there. But also, as you pointed out or implied, remand would be futile in this case just because by not complying with the statutory obligation, no notice is required. Matter of LAPARA and the 11th and 5th Circuit decisions are fairly clear about the reasoning for that and the statute's also fairly clear. Counsel points to no authority that in absentia order can never be issued. He doesn't point to anything that would relieve his client of her statutory obligation under 1229 A1F to provide an address and she's never done so. Except the Supreme Court talked to us about what the government's obligation is in Nischavez, right? But with respect, Your Honor, that case was not looking at the statutory obligation to provide an address in the first place, though. No. And so they didn't go that far. And so therefore, again, it's under the narrow circumstances of this case, remand would be futile. You gave two reasons and I didn't seem to be having difficulties today. I apologize. I speak too fast, Your Honor. The first issue, the broader issue, is whether the immigration court ever has the authority to order someone removed simply because the NTA amidst the date and time, not just in absentia orders, but even to just initiate removal proceedings in the first place. That was already addressed in Cideos and Cortez. Okay. All this, she didn't give the address. Therefore, she's not entitled to notice. What would happen had she given the address in a case like this? With respect, Your Honor, that would better be served in a case where that issue actually comes up. Because as you pointed out earlier to counsel in these opening statements, this is a very complex area of law. And depending on... Dealing with the situation where she didn't and what happens for not doing it. In other words, she didn't do something. Therefore, there's a penalty that comes for not doing it, which would seem to think if you did it, then you don't... There's something that happens that would have been good. And it seems to me, if you don't give a change of address, and then this section two type notice is given of a change of hearing based of a hearing that would not be able to be sustained because of the first efficient notice, the first one. So the whole question is, how do you do a change to something you're not entitled to, or you didn't do correctly in the first instance? How do you change something you didn't give proper notice for in the first instance? That's the question. I mean, we can harsh this thing out and look at just the law here and said, well, you don't get notice those end of the day, you didn't give a change of address. It says right here, you don't do it. But when you look at the statute, it just doesn't seem to make too much sense to me. Well, if you gave the notice, then you can come in and argue the second notice is deficient because it can't follow a two-step process. So you lose something that... I don't get it. But here's another question. I mean, maybe we just can't really parse it. But what does it take to fix these problems below? In an absentia order, what would have... I mean, how much delay would it have been to say, okay, here's proper notice, and we're going to have this hearing? Well, I believe going forward, and I don't have the statistics in front of me right now, but I can get them for your honor after argument if he wants them. But my understanding that each security, the Border Patrol, USCIS, and Immigrations and Customs Enforcement now have, in most circumstances, access to the court's docket, whether at least trying. So going forward, this problem should be seen less and less by the courts, I guess. It just seems we're up here. I really don't like dealing with procedural problems when we're dealing with human rights. And we're dealing with, why not just give this later hearing? We courts can make up all the rules we want in terms of how to do this. Well, we've got the statute here, and we're going to follow it strictly here. The Supreme Court came up with that case. It was surprising to me the way they wrote that Ms. Chavez case that said, you don't have that date and time in there. It is defective, and you cannot stack it with the second one. I would have thought you could, to be honest with you, when I saw it. I was shocked to see they said that, but they said it. And I think the idea is, you know, you've got people out there who are dealing with something that's a little bit more than us looking at these papers. This is real stuff to this lady and her son. And she is, for whatever reason, she moved. She moved to try to put her son with her husband. I don't know the circumstances. But the human problems of what courts deal with, and when we spend hours and hours as we're doing to delve into the procedural morass of did you punch this button and do that, it just doesn't seem to fit the purpose of anything that we're dealing with here. And that's why I asked the question, if even below, because it would be nice, you wouldn't even bring this stuff to us. You would go and just say, even the government, you say, well, it's a defective notice. Whether it is or not, you know, it's easy to fix it. Here's one right here. And your honor, if everybody can agree, we can have a hearing. He's already had the hearing. He's probably going to come back in and just say, well, I'm going to go back through it very quickly. Every day you see it, boom, done. Then we don't have that issue. We deal with the merits. That's a fair point, your honor. But again, even before Chavez and Pereira, this court was dealing with cases, in absentia cases, where people failed to provide their address and they were removed in absentia, even though, as you said, there is a human being involved with the claim for relief. But they forfeited the right to present that claim to the immigration court by not providing their address. And again, unfortunately, in this case, at every stage, in the motion to reopen before the immigration court. Has there been any circuit, you know, the other way, did the Ninth Circuit go a different way on that? Well, in saying they had, they just recently issued their en banc decision, but there's a slight nuance to that case in that it doesn't involve the obligation to provide an address. It's more of the question your honor was asking about earlier, which is there's no issue about the address, but whether you can cure the NTA by giving the A2 hearing notice. So it's slightly different. Whereas the Costa Gomez and Gudiel, the Eleventh and Fifth cases, which is the failure to provide the address for 1229A1F. You had a hearing from the beginning, initial hearing. You really said not one word to her. You didn't even give her any notice at all. Then you do a change of hearing notice and send it to her. She does not give you her change of address. Does that mean now is waived? She doesn't get a notice, even though she never got a notice at all in the initial one. Is that okay? Yes, your honor. Because under A2, once it shifts to that second, the hearing notice after the notice to appear. Let me make sure I'm saying what I say, but don't make sure we agree on what I'm saying. I said, look at the first hearing. No notice whatsoever was given of the hearing that's coming. The court did it on the docket. They did, everything is there, but she got absolutely nothing. Didn't get date, time, didn't get anything. And then subsequently, she moves. And then you send a change of hearing to her for something you never gave a notice at all. And you'll say, that's okay, because she did not give a change. That's correct, your honor. When she was served with a notice to appear in this case, it was read to her in Spanish. She signed it confirming that she had received it. And the notice to appear has very clear instructions about the obligation to provide the address, but also the consequences of failing to provide the address. In an abundance of caution in this case, when the DHS released the petitioner under an order of supervision, that document also warns her, you have to inform the immigration court and DHS if you move. Is there any opportunity for her to tell you why she didn't do this? Was any due process in terms of, I mean, it could be in a number of reasons why you, I don't know, maybe it says you got to give a change of address, but I'm just wondering, that presupposes there's no possible defense if it's just that hard line. You just didn't do it, boom. But is there any opportunity for her to come in and say- She had an opportunity in both the motions reopened in the administrative appeal and no explanation was ever given. The court doesn't have to get to that issue. So the court never made a determination that she has to- She all but admitted that she didn't do it, unfortunately. Let me ask this. If the government, instead of issuing a paragraph two notice, say the government realized after New Chavez, we blew it, hit this paragraph one notice was not a sufficient notice to appear that we gave her back when she first entered the country, we got to fix these. We want to send her an adequate notice to appear, paragraph one notice, and we want to send this to her so that we've got it right and we could have these hearings. Where would they send that? They would not be able to serve the petitioner with that because she didn't provide an accurate address. She admitted they would have no way to give the new document to her, the new charging document. What happens if the government, same type of scenario, I like these little hypotheticals. What happens, okay, we got the instance where you've given this defective notice, you know it as the government, and then you find out she's moved. He says, why don't we do a change of hearing date and send a notice to her, knowing she's moved and she's not giving you the change? Same thing? I'm sorry, could you repeat that? In other words, you know she hasn't moved, and you also know you have a defective notice as the first hearing. So you decide, why don't we just do a change of hearing and send that to the old address, knowing she's moved or having reason to believe she's moved? And if she does respond, then boom, she's out. I mean, perhaps they would do that now in light of the evolving case law, Your Honor, but nothing would, if they have information that the petitioner has not fulfilled her statutory obligation to provide a correct address, they wouldn't have to send a new hearing notice. They would be authorized to order her in a removed in absentia in that scenario. I think we beat this course. Judge Rush, you got a couple of questions here? We'll go and hear from the other side. Thank you. Thank you. I'd like to start out with, this is a quote from the last paragraph of Ms. Chavez. When the government seeks a procedural advantage against an individual, it will at least supply him or her with a single reasonably comprehensive statement of the nature of the proceedings against him. What does that say? What is Judge Gorsuch saying there? I think he's saying that you have to have a complete NTA, period. And... And it was important there because it stopped the time. It did something significant and someone needed notice of that in a document and the statute referred to a notice to appear, right? But that's all very different here. I really don't... What matters here, right, is notice of the hearing that you're going to be removed at. Yeah, but the notice to appear says that you need to be somewhere at a certain place in time. And if you don't know what that is, it's the same thing. I mean, I think that's what Ms. Chavez is saying here is that this is a defective indictment, charging document, whatever you want to call it. If the charging document is... About the fact that the statute says or two, it doesn't just say paragraph one, it says paragraph one or two. Because, well, paragraph two, paragraph two is dependent upon paragraph one, is dependent upon giving the time and date of the hearing. But that's not the hearing where that hearing never happened. Paragraph one hearing never happened. Right. It never happened because it wasn't there. I mean, it wasn't on the notice to appear. It has to be on the notice to appear. But even if it had, so there had been a date on there, but there was a change issued. There were multiple changes issued in this case. It changed to Charlotte location and then it changed the date and time. No, there was never an original. I don't think there was an original date and time. Sorry, a paragraph two. No, there were two multiple paragraph two notices. One changed it to Charlotte, one changed it to, or gave the date and the time, right? In Charlotte. Well, what actually happened here, the notice to appear had, I think, personal or somewhere in Texas where the, I think, where the home where they were originally detained. That was where the court was originally. They moved to North Carolina and gave an address, the first address. Then they were served with the NTA, but the NTA had not been served on the court, hadn't been filed with the court. So proceedings actually hadn't been initiated until they're filed with the court. They weren't filed with the court until later in July. She actually went to immigration, as Charlotte reported, and she was still living at that first address. Then she had, I guess, then she moved after that and didn't let them know. But she had never been the NTA hadn't even been filed with the court, number one. And number two, she still was never given a proper date and time. So the NTA and the bottom line, which is the important document here, the document that gives the initial date, all they had to do and all the government has to do here is to put a date and time on there. And I think we don't have this issue if the person is personally served. But when they don't, and I think that's the whole problem, and there's thousands and thousands of these cases out there where the people weren't properly served and they get in abstention orders because it gets sent to the wrong address. But again, we talked about this enough, but I believe that Ms. Chavez is very, very clear in that this note of the second noticing, paragraph two noticing requirement is predicate upon a proper paragraph one, which is the NTA. If the NTA noticing, the NTA, which is the first paragraph one noticing requirement is deficient, then you can't have a paragraph two. All right. Thank you, Your Honor. Thank you both for your arguments. This has been a pleasant opportunity to share with you. We would all of you have very safe trips home. We will now adjourn court. This honorable court stands adjourned. Sign a die. God save the United States and this honorable court.
judges: James Andrew Wynn, Allison J. Rushing, Diana Gribbon Motz